UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEMIREMBE SEVERINA BIABATO**

    **Plaintiff**

CASE NO.:

vs.

**OAK SHADOWS CONDOMINIUM ASSOCIATION, INC.,**

    **Defendant(s).**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

KEMIREMBE SEVERINA BIABATO, Plaintiff herein, files this Complaint against OAK SHADOWS CONDOMINIUM ASSOCIATION, INC., Defendant(s) herein, and alleges:

1. This is an action under The Federal Fair Housing Act (Title VIII)- 42 U.S.C. Sec. 3602 et seq and The Florida Fair Housing Act -specifically, Section 760.23(1)(2) and (3). for unlawful housing discrimination and practices based on the National Origin of Plaintiff. Plaintiff suffered said damages as a result of being subjected to discrimination as a result of her National Origin by being denied the legal and fundamental right to purchase property by the Defendant because she was a foreigner, Russian and/or her National Origin.

**JURISDICTION AND VENUE**

2. Defendant is a Florida corporation or Foreign corporation/entity engaged in trade and commerce and doing and authorized to do business in the State of Florida in Orange County, Florida and within this Court's District.

3. This court has subject matter jurisdiction pursuant to Article III, Section 1 of the U.S. Constitution and 28 U.S.C. sections 1331, 1332 and 1343.

4. All conditions precedent to jurisdiction have occurred or been complied with: a complaint or charge of discrimination was timely filed by Plaintiff with the U.S. Department of Fair Housing and Urban Development (Office of Fair Housing and Equality) and Florida Commission on Human Relations within the time prescribed by law.

5. Venue is proper in U.S. District Court, Orlando Division, Orlando, Florida, because Defendant's principal place of business in Florida is located in Orange County, Florida and all actions material to the complaint have occurred in Orange County, Florida or within this District.

## PLAINTIFF

6. The Plaintiff KEMIREMBE SEVERINA BIABATO ("Plaintiff") is a natural person from Russia. Plaintiff often visits the U.S. and Florida for business and stays extended period of times. In the past two (2) years, Plaintiff has resided in Orlando, Orange County Florida on different occasions.

## DEFENDANT(S)

7. The Defendant(s) OAK SHADOWS CONDOMINIUM ASSOCIATION, INC. , (hereinafter "Defendant(s)" or "Oak Shadows" or "HOA") are/is an active corporation and/or entity doing business in Florida with its principal place of business at 2800 N. Powers Dr., Orlando, FL 32818. The Oak Shadows Condominium HOA was responsible for approval the sale of units on the property. CHARLES HAYDEN (Hereinafter "Hayden"), was the HOA Manager and was

responsible for making the decisions to preclude Plaintiff from purchasing the unit at Oak Shadows and at all time, was acting on behalf the Defendant as an agent and/or representative of the Defendant.

**FACTS RELEVANT TO PLAINTIFF'S CAUSES OF ACTIONS AND CLAIMS**

8. That on May 25, 2018 Plaintiff agreed to purchase a property/unit located at 2858 N. Powers Drive, Unit 119, Orlando, FL 32818 at Oak Shadows Condominium from the property's owner. The HOA controlled the final sale and purchase of the unit, and the sale or purchase of the unit required HOA approval.

9. After agreeing to purchase the property/unit, Plaintiff was contacted by her Real Estate Agent and informed that the purchase information as well as the information indicating Plaintiff's National Origin (Russian) and that Plaintiff was a foreigner were presented to the Oak Shadows HOA and that the HOA is refusing to approve Plaintiff.

10. On May 31, 2018 Plaintiff attended a prearranged appointment with the HOA in order to submit her HOA application for approval in person and pass the required interview at the same time. During that interview by Hayden, whom Plaintiff was told was the HOA Manager, Hayden requested Plaintiff produce a US issued driver's license as ID to "run a criminal background check". Plaintiff correctly informed Hayden she is not required to have US issued ID. To this point, Plaintiff has a Russian Passport, and foreign driver's license which are valid ID for foreign individuals, all of which were valid and could be used to "do a criminal background check" on Plaintiff. Indeed, Plaintiff's Russia Passport is accepted by US banks, US government agencies and by TSA to allow Plaintiff to enter the US.

11. Plaintiff informed Hayden that her foreign passport(s) are her primary ID. In fact, Plaintiff informed Hayden that she already purchased property in the US and had HOA approvals before which she purchased using the identifications presented, that she regularly visited Florida, planned to move her family from Russia and wanted to have a home in Orlando to stay in and live part-time.

12. Interestingly, later, after discovering their position(s) "Plaintiff required US ID" or "they required US ID to do a background check" were legal untenable Hayden and Defendant then falsely asserted that Plaintiff did not provide them with *any* identification(s). However, although the Realtor has provided the subject information prior to this HOA meeting, which the HOA refused to accept, at the meeting, Plaintiff specifically gave Hayden her Russian passport and foreign Driver's license. Hayden photocopied her Russian passport and foreign driver's license yet he refused to accept or copy any other identifying and relevant documentation she provided. Additionally, Plaintiff requested Hayden show her the HOA by-laws, rules or regulations that states she needed US ID or a US passport to purchase a property at Oak Shadows. Needless to say, Hayden did not as none exist.

13. That instead, Hayden accused Plaintiff of planning to illegally rent the unit and continued that he would/could not accept "foreign" documentation and required US ID, which is patently false. Plaintiff advised Hayden she was buying the unit for personal use, was aware of such restrictions and did not appreciate being accused of some future wrongdoing. Throughout the interview, Hayden was rude and hostile towards Plaintiff and informed her he would not approve the purchase even after copying the two (2)

forms of IDs provided to him. Actually, Hayden only copied the IDs after Plaintiff insisted that he do so.

14. At that time, Hayden told Plaintiff "she was wasting his time" and "had to leave the office". She informed Hayden she had an appointment and had many documents to answer any questions they [the HOA] may have about herself and her business, yet Hayden refused to even obtain these documents for review and verification.

15. Plaintiff informed Hayden that what he was doing was illegal and that the HOA and Hayden must approve the application which angered Hayden. Hayden continued to insist he would not accept "foreign" ID and/or ID from a foreigner". Plaintiff informed Hayden that they cannot deny foreigners the right to purchase just because they are foreigners. Then, Plaintiff attempted to speak with the secretary in the office; however, Plaintiff was told Hayden was the "boss" and made the decision.

16. Simply because Plaintiff continued to insist, and rightfully so, that the IDs and documentation she provided were proper and legal and could be use to do any kind of background check required, Hayden effectively forced her from the office by telling her "you are wasting my time" and "leave or you'll be removed". To this point, Hayden was threatening and hostile towards Plaintiff and continued repeating "leave or you'll be removed". Afterwards, later that day, the Plaintiff's real estate agent received a "Denial Letter" from the Defendant stating boldly **"Buyer is a foreigner citizen that does not have a United States identification required to process a background check"**. (See attached Exhibit "A"-Letter Dated May 31, 2018 from Defendant)

17. As a result of the discriminatory conduct of the Defendant and Hayden, Plaintiff was unable to purchase the unit. The contract was terminated due to the HOA

refusal to approve the sell to Plaintiff and the property was sold to another buyer, an American, by the HOA after the HOA had acquired the property. Plaintiff sustained damages such as, but not limited to, the value of the property, the difference in value of the subject property and another equal or similar property, losses relating to the purchase of the property, moving expenses, inconvenience, humiliation, embarrassment as she was forced to sleep on a friend's couch, had to rent another accommodation and loss of the right to purchase and own the property.

## COUNT I: VIOLATIONS OF THE FEDERAL FAIR HOUSING ACT AGAINST DEFENDANT

### ("National Origin Discrimination")

18. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 17.

19. Plaintiff has exhausted her administrative remedies as described in paragraph 4 above and therefore all conditions precedent to filing suit under The Federal Fair Housing Act- 42 U.S.C. Sec. 3602 et seq have been met.

20. Defendant(s) by and through Defendant's agents, engaged in unlawful and discriminatory housing practices involving Plaintiff because of her being a foreigner and/or Russian, in other words, her National Origin.

21. Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the purchase, sale, acquisition and possession of property and privileges, services, terms, conditions, notices, statements and rights of owning, purchasing property and discriminated against her in acquiring property in a manner that would deprive or tend to deprive her of any privilege, right or opportunity to own, purchase or acquire property or adversely affect her status because of Plaintiff's National

Origin or because Plaintiff was a foreigner in violation of 42 U.S.C. Section 3602 et seq.,

22. Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived her of an equal purchasing opportunity that was provided to other non-foreign and/or non-Russian prospective buyers of property at Oak Shadows Condominiums in violation of 42 U.S.C. 3602 et seq.,

23. Plaintiff, is a Russian and foreign female, was subjected to **discrimination** because of her National Origin and/or because she was Russian and/or foreign in that she was denied and refused the lawful and legal right to purchase, own, acquire and possess property and/or a condominium unit at Oak Shadows Condominium and denied the rights, services, privileges, conditions and services in the purchase of property and/or a condominium unit at Oak Shadows Condominium due to her National Origin and/or because she was Russian and/or foreign as described in paragraphs 8 through 17 above. Plaintiff complained to Defendant and Hayden that their actions were unfair and discriminatory, yet her complaints were ignored or dismissed, and no remedial or corrective actions were taken.

24. As a direct and proximate result of the aforementioned violations and discriminatory actions of the Defendant and Hayden, Plaintiff has sustained damages including loss of the property interest, loss of use of the property, losses and damages related to the purchase of the unit, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe distress and anguish.

**WHEREFORE**, Plaintiff demands the following relief: compensatory damages, and all the damages set forth in paragraphs 17 and 24, attorney's fees and costs pursuant

to 42 U.S.C. Sec. 3602 et seq., punitive damages, a trial by jury and any other relief this court deems just and proper.

### COUNT II: VIOLATIONS OF FLORIDA FAIR HOUSING ACT -760.23(1)(2) and (3) AGAINST DEFENDANT

25. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 17.

26. Plaintiff has exhausted her administrative remedies as described in paragraph 4 above and therefore all conditions precedent to filing suit under The Florida Fair Housing Act- 760.23(1)(2) and 3, have been met.

27. Defendant(s) by and through Defendant's agents, engaged in unlawful and discriminatory housing practices involving Plaintiff because of her being a foreigner and/or Russian, in other words, her National Origin.

28. Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the purchase, sale, acquisition and possession of property and privileges, services, terms, conditions, notices, statements and rights of owning, purchasing property and discriminated against her in acquiring property in a manner that would deprive or tend to deprive her of any privilege, right or opportunity to own, purchase or acquire property or adversely affect her status because of Plaintiff's National Origin or because Plaintiff was a foreigner in violation of 760.23(1)(2) and 3.

29. Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived her of an equal purchasing opportunity that was provided to other non-foreign and/or non-Russian prospective buyers of property at Oak Shadows Condominiums in violation of 760.23(1)(2) and 3.

30. Plaintiff, is a Russian and foreign female, was subjected to **discrimination**

because of her National Origin and/or because she was Russian and/or foreign in that she was denied and refused the lawful and legal right to purchase, own, acquire and possess property and/or a condominium unit at Oak Shadows Condominium and denied the rights, services, privileges, conditions and services in the purchase of property and/or a condominium unit at Oak Shadows Condominium due to her National Origin and/or because she was Russian and/or foreign as described in paragraphs 8 through 17 above. Plaintiff complained to Defendant and Hayden that their actions were unfair and discriminatory, yet her complaints were ignored or dismissed, and no remedial or corrective actions were taken.

31. As a direct and proximate result of the aforementioned violations and discriminatory actions of the Defendant and Hayden, Plaintiff has sustained damages including loss of the property interest, loss of use of the property, losses and damages related to the purchase of the unit, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe distress and anguish.

**WHEREFORE**, Plaintiff demands the following relief: compensatory damages, and all the damages set forth in paragraphs 17 and 31, attorney's fees and costs pursuant to 760.23(1)(2) and 3, damages provided in 760.23 (35)(2), punitive damages, a trial by jury and any other relief this court deems just and proper.

**DATED this the 26TH day of May 2020.**

By: **/S/ Frank T. Allen**
FRANK T. ALLEN, ESQUIRE
Florida Bar No.: 0033464
**THE ALLEN FIRM, P.A.**
A Professional Association

605 E. Robinson Street, Suite 130
Orlando, FL 32801
Tel. (407) 481-8103
Fax (407) 481-0009
E-Mail: ALLENF551@aol.com
Trial Counsel and Attorneys for Plaintiff