UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEMIREMBE SEVERINA
BIABATO,

        Plaintiff,

v.　　　　　　　　　　　　　　　Case No:   6:20-cv-893-WWB-GJK

OAK SHADOW CONDOMINIUM
ASSOCIATION, INC.,

        Defendant.

**ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S SHORT-FORM MOTION TO COMPEL DEPOSITION OF PLAINTIFF (Doc. No. 32)** |
| **FILED:** | August 27, 2021 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S SHORT-FORM MOTION TO COMPEL (Doc. No. 33)** |
| **FILED:** | August 27, 2021 |

> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

On May 26, 2020, Plaintiff filed a Complaint against Defendants for violation of the Federal Fair Housing Act, 42 U.S.C. § 3602 *et seq.* and the Florida Fair Housing Act, Fla. Stat. § 760.23. Doc. No. 1. On August 27, 2021, Defendant filed a motion to compel Plaintiff to appear for her deposition (the "Motion to Compel Deposition") and a motion to compel Plaintiff to respond to certain discovery requests (the "Motion to Compel Discovery Responses"), collectively referred to as the "Motions." Doc. Nos. 32, 33. Plaintiff, now proceeding pro se, did not respond to the Motions. Thus, they are deemed unopposed.[1]

In the Motion to Compel Deposition, Defendant states that Plaintiff failed to appear for her deposition scheduled for August 2, 2021. Doc. No. 32 at ¶¶ 2, 5. Defendant also states that Plaintiff continues to contend that she is represented by The Allen Firm, PA, and will not communicate with Defendant's counsel. *Id.* at ¶ 6. On August 18, 2021, Frank T. Allen, Esq., was permitted to withdraw from representing Plaintiff. Doc. No. 28 at 2. As Defendant is unsuccessful

---

[1] When a party fails to respond, that is an indication that the motion is unopposed. Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Foster v. The Coca-Cola Co.*, No. 6:14-cv-2102-PGB-TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); *Daisy, Inc. v. Polio Operations, Inc.*, No. 2:14-cv-564-SPC-CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); *Brown v. Platinum Wrench Auto Repair, Inc.*, No. 8:10-cv-2168-VMC-TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

communicating with Plaintiff to coordinate her deposition, Plaintiff is ordered to appear for her deposition as designated in this Order. Defendant is awarded its attorney's fees and costs incurred in bringing the Motion to Compel Deposition pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), as Defendant attempted in good faith to obtain Plaintiff's deposition without court action, Plaintiff fails to demonstrate that her nonappearance at her deposition was substantially justified, and no circumstances make the award of attorney's fees and costs unjust.

In the Motion to Compel Discovery Responses, Defendant asks that Plaintiff be ordered "to fully respond to Defendant's Interrogatories #1, 2, 4, 6, and 7 and Requests for Production #2, 5, 10, 17, 23, 24, 31, 32, 33, 34, 35, 37, and 38 and produce all responsive documents in her possession, custody, or control . . . ." Doc. No. 33 at ¶ 8. Regarding the interrogatories, Plaintiff answered Interrogatory 1. Doc. No. 33-2 at 3. Interrogatory 6, which asks for "each and every communication you have had with any person (except your attorneys) concerning the allegations set forth in this Lawsuit and the Complaint," *id.* at 5, is not proportional to the needs of the case. Interrogatory 7 asks Plaintiff to "[s]tate with specificity the types and amounts of damages you claim to be owed as a result of the facts and allegations set forth in the Complaint." Plaintiff has done so. *Id.* at 5-6. Thus, the Motion to Compel Discovery Responses is denied as to Interrogatories 1, 6, and 7.

Regarding Interrogatories 2 and 4, which ask Plaintiff to identify persons with knowledge of the basis of the claims and the losses or damages that she sustained, Doc. No. 33-1 at 2-3, Plaintiff must provide specific information, including the persons' names, phone numbers, emails, and mailing addresses.

As for the Requests to Produce, Plaintiff stated in her "Notice of Compliance" that she "produced all documents in her possession, custody, and control." Doc. No. 33-2 at 1. In her response to the Requests for Production, Plaintiff indicated that there may be additional documents, but that they are not in her possession. Doc. No. 33-2 at 9, 10, 12-16.

Federal Rule of Civil Procedure 34 governs requests for production of documents. "Under Fed.R.Civ.P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

"A party responding to a request for production 'is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control.'" *Mendez v. Land Invs., Corp.*, No. 2:12-CV-158-JES, 2013 WL 607908, at *3 (M.D. Fla. Feb. 19, 2013) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). In addition, parties responding to requests for production of documents must "[e]nsure[] a reasonable inquiry with those persons

and a reasonable search of those places likely to result in the discovery of responsive documents." Middle District Discovery (2021) at Section III.A.5(f).

It appears that Plaintiff has not fulfilled her duty to seek the documents reasonably available to her from people or entities subject to her control by conducting a reasonable inquiry and a reasonable search of those places likely to result in discovering responsive documents. Thus, the Motion to Compel Discovery Responses is granted as to the Requests to Produce.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Compel Deposition (Doc. No. 32) is **GRANTED** as follows:

   a. **Plaintiff must appear via Zoom on December 10, 2021, at 10:00 a.m. for her deposition**;

   b. Defendant must serve a copy of this Order with instructions for attending the deposition via Zoom on Plaintiff **on or before November 26, 2021**;

   c. Defendant is awarded its attorney's fees and costs incurred in bringing the Motion to Compel Deposition. **On or before December 10, 2021**, Defendant's counsel and Plaintiff must confer in a good faith effort to agree on the amount of attorney's fees awarded pursuant to this Order;

    d. If the parties are unable to agree on the amount of attorney's fees and costs, then, **on or before December 13, 2021**, Defendant may file a motion to quantify the fees and costs awarded in this Order that complies with Local Rule 7.01(c);

2. The Motion to Compel Discovery Responses (Doc. No. 33) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. On or before December 3, 2021, Plaintiff must supplement her discovery responses to Interrogatories 2 and 4 to provide specific information, including the persons' names, phone numbers, emails, and mailing addresses, and produce all responsive documents in her possession, custody, or control responsive to Requests for Production 2, 5, 10, 17, 23, 24, 31, 32, 33, 34, 35, 37, and 38; and

    b. In all other respects, the Motion to Compel Discovery Responses is **DENIED**.

3. **If Plaintiff fails to comply and provide the subject discovery, this Court will recommend that contempt proceedings commence against Plaintiff and additional sanctions, up to and including**

**dismissal of this action, may be imposed without further notice.**

**DONE** and **ORDERED** in Orlando, Florida, on November 19, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties