UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEMIREMBE SEVERINA
BIABATO,

      Plaintiff,

v.                                        Case No:   6:20-cv-893-WWB-GJK

OAK SHADOWS
CONDOMINIUM ASSOCIATION,
INC.,

      Defendant.

REPORT AND RECOMMENDATION[1]

This matter came on for consideration on the Court's Order to Show Cause on why Plaintiff should not be held in contempt or why the action should not be dismissed for failure to comply with the Court's discovery orders. Doc. No. 60. On January 26, 2022, the Court held a telephonic hearing on the Court's Order to Show Cause. For the following reasons, it is recommended that the Court enter an order dismissing the case with prejudice.

I.       BACKGROUND.

On May 26, 2020, Plaintiff filed a Complaint against Defendant for violation of the Federal Fair Housing Act, 42 U.S.C. § 3602 *et seq.* and the Florida Fair

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

Housing Act, Fla. Stat. § 760.23. Doc. No. 1. On September 1, 2020, the Court entered a Case Management and Scheduling Order (the "CMSO"), setting forth deadlines for the parties to discourage wasteful pretrial activities and to secure, the just, speedy, and inexpensive determination of the action. Doc. No. 17 at 2. The CMSO set the discovery deadline as September 2, 2021, and the in-person meeting to prepare the joint final pretrial statement as January 28, 2022. *Id.*

On April 29, 2021, Defendant filed a motion to compel Plaintiff's responses to their discovery requests. Doc. No. 20. Plaintiff's counsel was unable to obtain responses and documents from his client and therefore did not oppose the motion to compel. *Id.* at 2. On May 14, 2021, the Court entered an order granting Defendant's motion to compel and warned Plaintiff that failing to comply with the discovery request may result in sanctions, up to and including dismissal of the action. *Id.* at 3. On June 1, 2021, Plaintiff filed her responses to the discovery requests, however, several of Plaintiff's responses were deficient, which Plaintiff's former counsel agreed to supplement. Doc. No. 58 at 4.

Thereafter, Plaintiff failed to appear for her deposition scheduled for August 2, 2021, but again failed to supplement the deficient responses. *Id.* On August 27, 2021, Defendant filed motions to compel Plaintiff's deposition and discovery responses. Doc. Nos. 32, 33. Plaintiff, now proceeding *pro se* at the time, did not respond to these motions thus they were deemed unopposed. On November 19,

2021, the Court entered an order granting the motion to compel Plaintiff's deposition and granting in part the motion to compel discovery responses. Doc. No. 43. Plaintiff was again warned that failing to comply with the discovery request may result in sanctions, up to and including dismissal of the action. *Id.* at 6-7.

On October 5, 2021, Defendant filed a motion requesting summary judgment in its favor on all of Plaintiff's claims. Doc. No. 39. On November 3, 2021, Plaintiff filed her response to the Defendant's motion for summary judgment. Doc. No. 40. On November 27, 2021, Plaintiff filed motions to extend the time on the CMSO (Doc. Nos. 44, 45) and the time to file a response in opposition of Defendant's motion for summary judgment (Doc. No. 46), which the Court denied for failure to comply with Local Rule 3.01(g). Doc. No. 47.

On December 2, 2021, Plaintiff filed another motion for an extension of time to respond to Defendant's discovery requests and the taking of her deposition. Doc. No. 48. The same day, Plaintiff filed a motion requesting a protective order. Doc. No. 49. On December 29, 2021, the Court denied these motions. Doc. No. 53.

On January 7, 2022, Defendant moved for an order to show cause. Doc. No. 58. Plaintiff did not supplement her responses to the discovery requests or produce additional responsive documents. Plaintiff did not file a response to the defendant's motion seeking an order to show cause. Accordingly, the Court

entered an order to show cause why she should not be held in contempt or why the action should not be dismissed for failure to comply with the Court's discovery orders, ordering Plaintiff to file her response to Defendant's motion to show cause by January 21, 2022. Doc. No. 60. Plaintiff did not respond to the order to show cause. On January 26, 2022, at the hearing on the order to show cause, Plaintiff could not provide justifiable reason for the repeated noncompliance with the Court's orders.

On January 26, 2022, Defendant filed a motion to compel Plaintiff's compliance with the CMSO, requesting the Court enter an order requiring Plaintiff's counsel to appear in person at the meeting of attorneys scheduled for January 28, 2022, an order to show cause, hold Plaintiff in contempt, and dismiss the action for Plaintiff's repeated failure to comply with the Court's orders. Doc. No. 71.

## II.   ANALYSIS.

Under Rule 37(b)(2)(A)(v), if a party fails to comply with an order providing or permitting discovery, the court may dismiss the proceedings. "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Amn. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999). Rule 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or

any claim against it." Dismissal with prejudice is the harshest sanction and should only be used as a last resort where other lesser sanctions are inadequate. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir.1995)).

In this case, Plaintiff demonstrated willful contempt by repeatedly failing to comply with this Court's orders. Plaintiff failed to comply with the Court's CSMO. Doc. No. 17. Plaintiff failed to comply with the Court's discovery orders. Doc. Nos. 21, 43. Plaintiff failed to file a response to Defendant's motion to show cause as ordered by the Court. Doc. No. 60. Accordingly, as Plaintiff unjustifiably failed to comply with four Court orders, it is recommended that the Court find Plaintiff willfully ignored orders of the Court and dismiss the case with prejudice. No lesser sanctions are appropriate in this case. Plaintiff's refusal to partake in discovery goes to the merits of the case and has affected Defendant's ability to prepare for trial. In cases with relatively minor violations of discovery obligations lesser

sanctions (such as evidentiary exclusions or curative jury instructions) might suffice to allow the case to proceed to disposition on its merits. Here, however, the repeated inexcusable failures are fundamental to issues in the case. At the hearing, on the eve of the due date for counsel's required meeting to prepare the final pretrial statement, Plaintiff new counsel was still unable to formulate any excuse or provide specific description of the missing information or when it might actually be provided.

Additionally, Plaintiff's actions demonstrate a willful disregard for this Court's orders. Plaintiff was twice warned that failing to comply with the Court's orders may result in dismissal. Doc. Nos. 21, 43. Despite these warnings, Plaintiff repeatedly failed to obey the Court's orders. Nothing in the record suggests that lesser sanctions would compel Plaintiff to comply with the Court's orders. Thus, the only appropriate action is to dismiss the case with prejudice.

### III.    CONCLUSION.

It is hereby **RECOMMENDED** that the Court enter an order as follows:

1. **DISMISS the case with prejudice.**
2. **DENY** the pending motions (Doc. Nos. 39, 40, 58, 59, 71, and 73) **as moot.**

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 28, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record