**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KEMIREMBE SEVERINA BIABATO,

    Plaintiff,

v.      Case No. 6:20-cv-893-WWB-GJK

OAK SHADOWS CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
                               /

## ORDER

THIS CAUSE is before the Court on the January 12, 2022 Order to Show Cause (Doc. 60) as to why Plaintiff should not be held in contempt or the action should not be dismissed for Plaintiff's failure to comply with the Court's orders. Upon consideration of the parties' responses—or failure to timely respond—thereto, United States Magistrate Judge David A. Baker issued a Report and Recommendation ("**R&R**," Doc. 75), in which he recommends that the Court enter an order dismissing this case with prejudice. Plaintiff filed an Objection (Doc. 79), to which Defendant filed a Response (Doc. 82).

**I.  BACKGROUND**

The relevant background is set forth in the R&R and is hereby adopted and made a part of this Order. (Doc. 75 at 1–4). Although Plaintiff objects to the R&R for omitting "important facts," including that Plaintiff was deposed on December 10, 2021, she does not object to any of the facts provided in the R&R. (Doc. 79 at 2).

**II.  LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make

a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III. DISCUSSION

In the R&R, Magistrate Judge Baker recommends that the Court dismiss this case with prejudice upon a finding that Plaintiff has willfully ignored multiple discovery orders, failed to diligent prosecute her case, and that lesser sanctions would not suffice to remedy the prejudice caused by Plaintiff's noncompliance. Plaintiff objects, in a conclusory fashion, that the R&R did not explain why lesser sanctions would be insufficient. To the contrary, the R&R clearly explained that Plaintiff's repeated failures to obey Court orders demonstrates that lesser sanctions would not compel Plaintiff's compliance and that no other sanction can cure the prejudice that her repeated failures to comply have caused Defendant in these proceedings. Similarly, Plaintiff objects that the R&R failed to include certain relevant information. However, Plaintiff does not dispute her repeated failures to

comply with Court orders, nor does she explain why the inclusion of additional facts should change the outcome in this case.

Finally, Plaintiff objects that there has not been a showing of unfair prejudice. Again, Plaintiff's objection is conclusory in nature. Moreover, as stated in the R&R, Plaintiff's failure to comply with Court orders has inhibited Defendant's ability to prepare for trial. Notably, Plaintiff has still failed to provide this Court with any concrete and specific information regarding the missing discovery and when, or even if, she will be able to produce the same. For the reasons set forth in the R&R, the Court finds that Plaintiff has demonstrated willful contempt and that lesser sanctions would not suffice to ensure compliance and the efficient resolution of these proceedings. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 79) is **OVERRULED**.
2. The Report and Recommendation (Doc. 75) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. The Complaint (Doc. 1) is **DISMISSED with prejudice**.
4. The Clerk is directed to terminate all pending motions and close the case.

**DONE AND ORDERED** in Orlando, Florida on February 28, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record